**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4750-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EARL BARLEY, a/k/a
EARLY BARLEY,

    Defendant-Appellant.

_____

> Submitted September 16, 2020 – Decided August 6, 2021
>
> Before Judges Fuentes and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 09-10-2353, 10-10-2481, 11-03-0776, and 12-02-0315.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On December 16, 2011, defendant Earl Barley pled guilty pursuant to a negotiated plea agreement to fourth degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(l2), third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(l), and second degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). The State charged these three offenses in three separate indictments. Among the many questions the judge asked defendant at the plea hearing, the judge specifically inquired whether defendant was satisfied with the plea agreement negotiated by his attorney and with the legal services the attorney provided overall. Defendant answered "yes" to both of these questions.

The judge release defendant on home confinement, conditioned upon him having a global positioning satellite (GPS) tracking device on his person at all times. The judge scheduled his sentencing hearing in March 2012. Soon thereafter, defendant violated the terms of his release, removed the GPS tracking device, and absconded. He was apprehended a year later and charged with fourth degree bail jumping, N.J.S.A. 2C:29-7.

2

Defendant filed a Slater[1] motion to withdraw his guilty pleas, which was heard and promptly denied as baseless by the judge. Defendant thereafter pled guilty to the bail-jumping charge and was sentenced on May 8, 2013, to an aggregate term of five years, with three years of parole ineligibility on all four charges. In his direct appeal to this court, defendant argued that any incriminating statements he made to the police officers should have been suppressed because he was not apprised of his Miranda[2] rights and the trial judge erred when he denied his motion to withdraw his guilty plea. We rejected these arguments and affirmed. State v. Barley, A-5249-12, (App. Div. June 15, 2015).

On April 11, 2018, defendant filed a pro se post-conviction relief (PCR) petition alleging ineffective assistance of counsel. He claimed his attorney "failed to investigate witness statement and video[;] failed to pursue defenses, and ultimately forced [him] to take State's plea [offer]." The court assigned counsel to represent defendant and the matter came on for oral argument before Judge Donna M. Taylor on June 13, 2019. After considering defendant's unsubstantiated claims and hearing the arguments of counsel, Judge Taylor

---

[1] State v. Slater, 198 N.J. 145, 157-58 (2009).

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

found defendant did not make out a prima facie case of ineffective assistance of counsel:

> The petitioner asserts these shortcomings prejudiced his case; however, he has failed to substantiate this claim. At the plea colloquy he denied that he had any defenses and further he was asked whether he had at the time of his factual basis . . . , quote, "Control," quote, "Over the handgun resulting in his charge for unlawful possession of the handgun?" And he answered, "Yes." He has failed to show how his counsel's investigative actions constitute ineffective assistance of counsel outside the scope of professional competent assistance. Therefore his claim of ineffective counsel is denied.

Against this backdrop, defendant now appeals, raising the following arguments:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION WITHOUT AN EVIDENTIARY HEARING WHERE IT DID NOT MAKE ANY FACTURAL [SIC] FINDINGS INVOLVING THE ATTORNEY-CLIENT DISCUSSIONS ABOUT THE STRENGTHS AND WEAKNESSES OF THE CASE.
>
>> A. The Performance Of Defendant's Trial Attorney Was Deficient Where He Did Not Consult With Defendant About The Strengths And Weaknesses Of The Case Before Defendant Accepted The Formal Plea Offer.

4

B. Defendant Demonstrated That He Was Prejudiced By His Trial Attorney's Performance Where He Would Have Insisted On Going To Trial But For Such Deficient Advice.

POINT TWO

THE PCR COURT ERRED WHERE IT DID NOT CONDUCT AN EVIDENTIARY HEARING WITHOUT DETERMINING AS A MATTER OF FACT WHETHER DEFENDANT'S PRIOR ATTORNEY DISCUSSED WITH HIS CLIENT THE STRENGTHS AND WEAKNESSES OF GOING TO TRIAL.

We reject these arguments and affirm substantially for the reasons expressed by Judge Taylor in her oral decision. We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, a defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Judge Taylor correctly applied this standard to find that defendant's bare assertions impugning the professional competence of his attorney does not

satisfy prong one under <u>Strickland</u>'s analytical paradigm. We also agree with Judge Taylor's conclusion that defendant did not present any competent evidence of "prejudice" to satisfy prong two under <u>Strickland</u>. A judge reviewing a PCR petition has the discretion to conduct an evidentiary hearing

> only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.
>
> [<u>R.</u> 3:22-10(b).]

Here, Judge Taylor found defendant did not establish a prima facie case of ineffective assistance of counsel. In this light, we discern no legal basis to conclude Judge Taylor abused her discretion when she denied defendant's application for an evidentiary hearing. <u>State v. Preciose</u>, 129 N.J. 451, 460 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4750-18